1
2
3
4
5
6
7
8

FILED
CLERK, U.S. DISTRICT COURT

FEB 1 1 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

9          UNITED STATES DISTRICT COURT

10     FOR THE CENTRAL DISTRICT OF CALIFORNIA

11             WESTERN DIVISION

12 UNITED STATES OF AMERICA,       No. CR 11-72(A)-PSG

13        Plaintiff,         JURY INSTRUCTIONS

14           v.

15 ANDRANIK ALOYAN,

16       Defendant.

17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. __1__

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

COURT'S INSTRUCTION NO. 2

The First Superseding Indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged in the First Superseding Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

COURT'S INSTRUCTION NO.  3

The First Superseding Indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

COURT'S INSTRUCTION NO. __4__

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

COURT'S INSTRUCTION NO. __5__

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. __6__

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits received in evidence; and

      (3) any facts to which the parties have agreed.

COURT'S INSTRUCTION NO. ___7___

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, if any evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION NO. __8__

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9

COURT'S INSTRUCTION NO.  9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the witness's opportunity and ability to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

COURT'S INSTRUCTION NO.  10

You are here only to determine whether the defendant is guilty or not guilty of the charges in the First Superseding Indictment.   The defendant is not on trial for any conduct or offense not charged in the First Superseding Indictment.

11

COURT'S INSTRUCTION NO. __11__

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

COURT'S INSTRUCTION NO.  12

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

COURT'S INSTRUCTION NO.   13

You have heard evidence that the defendant has previously been convicted of a crime.  You may consider that evidence only as it relates to whether defendant was prohibited from possessing a firearm as charged in the First Superseding Indictment.  You may not consider the prior conviction for any other purpose.

COURT'S INSTRUCTION NO. __14__

You have heard testimony that a witness, Paramaz Bilezikchyan, has been previously been convicted of felony offenses.  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

15

COURT'S INSTRUCTION NO.  15

You have heard testimony from a witness, Paramaz Bilezikchyan, who may receive benefits from the government in connection with this case, and who pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of the witness, you should consider the extent to which or whether the witness's testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of the witness with greater caution than that of other witnesses.

COURT'S INSTRUCTION NO. __16__

You have heard testimony from an informant who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

17

## COURT'S INSTRUCTION NO. __17__

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION NO. ___18___

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

COURT'S INSTRUCTION NO.  19

You have heard English-language recordings that have been received in evidence.  Transcripts of the recordings have been provided to help you identify speakers and to help you decide what the speakers say.  Remember that the recordings are the evidence, not the transcripts.  If you hear something different from what appears in the transcripts, what you heard is controlling.  Listen carefully; the transcripts will not be available during your deliberations.

On the other hand, you have also heard a recording in the Eastern Armenian language.  A transcript of that recording has been admitted into evidence and will be available during your deliberations.  That transcript is an official English-language translation of the recordings.  Although some of you may know Eastern Armenian, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translation contained in the transcript even if you would translate it differently.

COURT'S INSTRUCTION NO. ___20___

For reasons that do not concern you, the cases against the co-defendants named in the First Superseding Indictment are no longer before you.  Do not speculate why.  This fact should not influence your verdicts with reference to the remaining defendant, and you must base your verdict solely on the evidence against the remaining defendant.

COURT'S INSTRUCTION NO. __21__

The First Superseding Indictment accuses the defendant of various crimes.  Those crimes are set forth in different counts of the First Superseding Indictment.  I will now give you a general overview of the First Superseding Indictment.

Count 1 charges defendant with Racketeering Conspiracy.

Count 98 charges defendant with Attempted Bank Fraud.

Count 120 charges defendant with Possession with Intent to Defraud of Fifteen or More Unauthorized Access Devices.

Counts 101, 121, 122, and 123 charge defendant with Aggravated Identity Theft.

Count 135 charges defendant with Possession of a Firearm by a Convicted Felon.

COURT'S INSTRUCTION NO. 22

I am about to begin explaining the law pertaining to the charges in the First Superseding Indictment.  Let me advise you in advance, though: These jury instructions are lengthy, especially as to Count 1, the Racketeering Conspiracy count.  Although the instructions are lengthy, they are also necessary.  Please be assured that we have made every effort to shorten the instructions, simplify them, and make them more accessible to you.  I am reading the instructions now, but I will also provide you with a set of the instructions to take with you and consult during your deliberations.  You also will be provided with verdict forms.

The instructions for Count 1 are longer than for the other counts in part because I will be defining and explaining a number of terms and concepts relating to the racketeering laws.

COURT'S INSTRUCTION NO. 23

Count 1 of the First Superseding Indictment charges that from a date unknown to in or about February 16, 2011, the defendant and others knowingly conspired to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, in violation of Title 18, United States Code, Section 1962(d). I will refer to this as Racketeering Conspiracy.

In order to convict a defendant of Racketeering Conspiracy, the government must prove beyond a reasonable doubt that:

First, the charged enterprise would exist;

Second, the enterprise would engage in or its activities would affect interstate or foreign commerce;

Third, the defendant knowingly agreed that a conspirator would be employed by or associated with the enterprise;

Fourth, the defendant knowingly agreed that a conspirator would conduct or participate, either directly or indirectly, in the conduct of the affairs of the enterprise; and

Fifth, the defendant knowingly agreed that a conspirator would knowingly participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity; that is, a conspirator would commit at least two acts of racketeering activity as alleged in the First Superseding Indictment.

The essence of Racketeering Conspiracy is the agreement that a conspirator would commit the substantive offense of

24

Racketeering.  As a result, the government must prove that if the conspiracy offense were completed as contemplated, the enterprise would exist, that this enterprise would engage in, or its activities would affect, interstate or foreign commerce, and that a conspirator (who could be, but need not be, the defendant himself) would have been employed by or associated with the enterprise, and would have conducted or participated in the affairs of the enterprise through a pattern of racketeering activity.  For example, at least two acts of bank fraud or access device fraud, or any combination thereof.

The government is not required to prove that the alleged enterprise was actually established, that a co-conspirator was actually employed by or associated with the enterprise, or that the enterprise was actually engaged in, or its activities actually affected, interstate or foreign commerce.

The jury may find that a defendant has entered into the requisite agreement to violate RICO when the government has proven beyond a reasonable doubt that the defendant agreed with at least one other co-conspirator that at least two of the type or types of racketeering activity listed in the First Superseding Indictment would be committed by a member of the conspiracy in the conduct of the affairs of the enterprise.

The government is not required to prove that the defendant personally committed two racketeering acts, or that he agreed to personally commit two racketeering acts.  Rather, it is

sufficient if the government proves beyond a reasonable doubt that the defendant agreed to participate in the enterprise with the knowledge and intent that at least one member of the RICO conspiracy (who could be, but need not be, the defendant himself) would commit at least two racketeering acts in the conduct of the affairs of the enterprise.

COURT'S INSTRUCTION NO. 24

Before explaining each of the elements of Racketeering Conspiracy in detail, I will provide some general instructions on conspiracy.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that the conspirators simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

The Racketeering Conspiracy charged in Count 1 does not require proof that a member of the conspiracy committed an overt act in furtherance of the conspiracy.

COURT'S INSTRUCTION NO. 25

A conspiracy may be proven by circumstantial evidence and may exist without a formal agreement. The elements may therefore be established by evidence of coordinated activities between the defendants.

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

29

COURT'S INSTRUCTION NO. __26__

I will now explain the elements of Racketeering Conspiracy.

The first element the government must prove as to Count 1 is that the enterprise alleged in the First Superseding Indictment – the Armenian Power Criminal Organization – was or would be established.

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the offense and does not have to be proved.

Therefore, the government must prove beyond a reasonable doubt that this would be a group of people (1) associated for a common purpose of engaging in a course of conduct; (2) that the association of these people would be an ongoing formal or informal organization, and (3) the group would be engaged in or have an effect upon interstate or foreign commerce. The

30

government need not prove that the enterprise would have any
particular organizational structure.

COURT'S INSTRUCTION NO. _27_

The second element the government must prove as to Count 1 is that the enterprise did or would engage in, or that the enterprise's activities did or would affect, interstate or foreign commerce. Interstate commerce means commerce between one state and another state and foreign commerce means commerce between the United States and a foreign country. Interstate commerce includes the movement of goods, services, money and individuals between states. These goods can be legal or illegal. This effect on interstate commerce could have occurred in any way, and it need only have been minimal.

It is not necessary for you to find that a defendant himself engaged in interstate or foreign commerce or that he knew the enterprise was engaged in interstate or foreign commerce. Only a minimal effect on commerce is required, and the effect need only be probable or potential, not actual. It is not necessary to prove that the defendant's own acts affected interstate commerce as long as the enterprise's acts had or would have had such an effect. Nor is it necessary that the effect on interstate or foreign commerce have been adverse to commerce. All that is necessary is that the enterprise would engage in or its activities would affect interstate or foreign commerce in some minimal way.

COURT'S INSTRUCTION NO.   28

The third element the government must prove as to Count 1 is that a conspirator, who might be the defendant himself, would be "employed by" or "associated with" the enterprise. The government need not prove both; proving that a conspirator either was "employed by" or was "associated with" the enterprise is sufficient to establish this element. The term "employed by" should be given its common, plain meaning.

"Associated with" also should be given its plain meaning. A person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that the defendant agree that any particular conspirator would be "employed by" or "associated with" the enterprise for the entire time the enterprise existed. The government also is not required to prove that the defendant agree that any particular conspirator had a formal position in the enterprise, or participated in all the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. Rather, it is sufficient that the government prove beyond a reasonable doubt that, at some point during the existence of the enterprise as alleged in the First Superseding Indictment, defendant agreed that a conspirator would

33

be "employed by" or "associated with" the enterprise within the meaning of those terms as I have just explained and that he would know of the general nature of the enterprise, and would know that the enterprise extended beyond his or her own role in the enterprise.

COURT'S INSTRUCTION NO. _29_

The fourth element the government must prove as to Count 1 is that the defendant agreed that a conspirator, who might be the defendant himself, would conduct or participate in the conduct of the affairs of the enterprise.  A defendant may be convicted of a racketeering conspiracy offense even if he did not personally participate in the operation or management of the enterprise when the evidence establishes that the defendant knowingly agreed that at least one conspirator would participate in the operation or management of the enterprise.

Such proof of operation and management may include evidence that the defendant agreed that a conspirator would intentionally perform acts, functions or duties which are necessary to, or helpful in, the operation of the enterprise, or that a conspirator had some part in directing the enterprise's affairs. However, the government need not prove that the conspirator would exercise significant control over or within the enterprise, or that he had a formal position in the enterprise, or that he had primary responsibility for the enterprise's affairs.  Rather, an enterprise is operated not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management or carry out upper management's orders.  An enterprise also might be operated or managed by one who exerts control over the enterprise.

35

COURT'S INSTRUCTION NO. __30__

The fifth element the government must prove as to Count 1 is that the defendant agreed that a conspirator, who might be the defendant himself, would knowingly participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. A pattern of racketeering activity requires at least two acts of racketeering, the last of which occurred within ten years after the commission of a prior act of racketeering.

To establish a pattern of racketeering activity as alleged in Count One of the First Superseding Indictment, the government must prove three elements beyond a reasonable doubt:

First, the defendant agreed that a conspirator, who could be the defendant himself, would intentionally commit, or cause, or aid and abet the commission of, any two or more racketeering acts of the types of racketeering activity alleged in the First Superseding Indictment: that is, Bank Fraud or Unlawful Possession of Fifteen or More Access Devices, or any combination thereof. The racketeering acts need not be of the same type, but you must all agree beyond a reasonable doubt as to which type or types of racketeering activity you find that the defendant agreed would be committed, caused, or aided and abetted. At the end of the instruction, I will instruct you on the elements of the charged types of racketeering activity.

Second, the racketeering activity would be "related." To be "related," the racketeering acts might have the same or

36

similar purposes, results, participants, victims, or methods of commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated events.  Racketeering acts might also be "related" even if they are dissimilar, provided that the racketeering acts have a meaningful connection to the enterprise.  For example, a meaningful connection could be shown by evidence that that the defendant's position in the enterprise would facilitate his commission of the racketeering act, or that the racketeering act would benefit the enterprise, or that the racketeering act would be authorized by the enterprise, or that the racketeering act would promote or further the purposes of the enterprise.

Third, the racketeering activity must have extended over a substantial period of time, or would pose a threat of continued criminal activity.  The government need not prove such a threat of continuity by any mathematical formula or by any particular method of proof, but rather may prove it in a variety of ways. For example, the threat of continued unlawful activity would be established when the evidence shows that the racketeering activity is part of a long-term association that exists for criminal purposes, or when the racketeering activity would be shown to be the regular way of conducting the affairs of the enterprise.

Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.

In determining whether the government has proven the threat of continued unlawful activity, you are not limited to consideration of the specific type or types of racketeering activity charged against the defendant; rather, in addition to considering such activity you also may consider the nature of the enterprise, and other unlawful activities of the enterprise and its members viewed in their entirety, including both charged and uncharged unlawful activities.

In order to convict the defendant of the racketeering conspiracy offense, the jury's verdict must be unanimous that the defendant agreed that two or more racketeering acts would be committed, and be unanimous as to the type or types of predicate racketeering activity, as alleged in the First Superseding Indictment, that the defendant agreed would be committed, such as Bank Fraud, or Unlawful Possession of Fifteen or more Access Devices, or any combination thereof.

In conclusion, it is important to note that the Government is not required to prove that the alleged enterprise was actually established, that the enterprise was actually engaged in or its activities actually affected interstate or foreign commerce, that the defendants were actually employed by or associated with the enterprise, or that any acts of racketeering were actually committed.  Because the agreement to commit at least two racketeering offenses is the essence of a racketeering conspiracy offense, the Government need only prove the elements as I have

described them to you in these instructions.

COURT'S INSTRUCTION NO.  31

I will now instruct you on the law regarding Bank Fraud in violation of Title 18, United States Code, Section 1344.  It is alleged in Count 1 that Bank Fraud is a type of racketeering activity that the defendant agreed would be committed as part of the racketeering conspiracy.

In order for an individual to be found guilty of Bank Fraud in violation of Title 18, United States Code, Section 1344, the government must prove each of the following elements beyond a reasonable doubt:

First, the individual knowingly executed a scheme to defraud a financial institution;

Second, the fraudulent scheme was material; that is, it had a natural tendency to influence, or was capable of influencing, a financial institution to part with money or property;

Third, the individual did so with the intent to defraud; and

Fourth, the financial institution was federally insured.

An intent to defraud is an intent to deceive or cheat.

Intent to defraud may be established by circumstantial evidence.

COURT'S INSTRUCTION NO. __32__

I will now instruct you on the law regarding Unlawful Possession of Fifteen or More Access Devices in violation of Title 18, United States Code, Section 1029(a)(3). It is alleged in Count 1 that Unlawful Possession of Fifteen or More Access Devices is a type of racketeering activity that the defendant agreed would be committed as part of the racketeering conspiracy.

In order for an individual to be found guilty of Unlawful Possession of Fifteen or More Access Devices, the government must prove each of the following elements beyond a reasonable doubt:

First, the individual knowingly possessed at least fifteen unauthorized access devices;

Second, the individual knew that the devices were unauthorized;

Third, the individual acted with the intent to defraud; and

Fourth, the individual's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.


An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, cancelled, or obtained with the intent to defraud.

An "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications

service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

Whether an individual acted with the intent to defraud, and whether the individual's conduct in some way affected interstate or foreign commerce, is determined by considering the entire scheme, not each individual access device.

COURT'S INSTRUCTION NO. _33_

Defendant is charged in Count 98 with Attempted Bank Fraud in violation of Title 18, United States Code, Section 1344. In order for an individual to be found guilty of Attempted Bank Fraud in violation of Title 18, United States Code, Section 1344, the government must prove each of the following elements beyond a reasonable doubt:

First, the individual knowingly attempted to execute a scheme to defraud a financial institution;

Second, the fraudulent scheme was material; that is, it had a natural tendency to influence, or was capable of influencing, a financial institution to part with money or property;

Third, the individual did so with the intent to defraud;

Fourth, the individual did something that was a substantial step toward carrying out the scheme; and

Fifth, the financial institution was federally insured.

An intent to defraud is an intent to deceive or cheat.

Intent to defraud may be established by circumstantial evidence.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

COURT'S INSTRUCTION NO. <u>34</u>

Defendant's or a co-schemer's actions can constitute a scheme to defraud, even if there are no specific false statements involved.

A scheme to defraud can also consist of false statements, false representations, or omissions as well as half-truths and the knowing concealment of facts.  In determining whether a scheme to defraud exists, you are entitled to consider not only the defendant's and co-schemer's words and statements, but also the circumstances in which they are used as a whole.  Even if statements made as part of the scheme are not literally false, you may consider whether the statements taken as a whole were misleading and deceptive.  You may find a scheme to defraud if you find beyond a reasonable doubt that the scheme was reasonably calculated to deceive.

44

COURT'S INSTRUCTION NO. _35_

It is not necessary for the government to prove that the Bank Fraud scheme succeeded, that money or property was obtained from a bank, or that there was an actual loss.

COURT'S INSTRUCTION NO. _36_

Defendant is charged in Count 120 with Unlawful Possession of Fifteen or More Access Devices in violation of Title 18, United States Code, Section 1029(a)(3).  In order for an individual to be found guilty of Unlawful Possession of Fifteen or More Access Devices, the government must prove each of the following elements beyond a reasonable doubt:

First, the individual knowingly possessed at least fifteen unauthorized access devices;

Second, the individual knew that the devices were unauthorized;

Third, the individual acted with the intent to defraud; and

Fourth, the individual's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.


An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, cancelled, or obtained with the intent to defraud.

An "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any

other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

Whether an individual acted with the intent to defraud, and whether the individual's conduct in some way affected interstate or foreign commerce, is determined by considering the entire scheme, not each individual access device.

COURT'S INSTRUCTION NO. 37

Defendant is charged in Counts 101, 121, 122, and 123 with Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028A.

Count 101 pertains to victim S.T.

Count 121 pertains to victim R.D.

Count 122 pertains to victim A.M.R.

Count 123 pertains to victim V.N.

In order for a defendant to be found guilty of Aggravated Identity Theft, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to Attempted Bank Fraud or Unlawful Possession of Fifteen or More Access Devices, as charged in the First Superseding Indictment.

A "means of identification" is any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, official State or government issued driver's license or identification number, unique

electronic identification number, address, routing number, or signature.

COURT'S INSTRUCTION NO. __38__

Defendant is charged in Count 135 with Possession of a Firearm by a Convicted Felon in violation of Title 18, United States Code, 922(g)(1). In order for a defendant to be found guilty of Possession of a Firearm by a Convicted Felon, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm; and

Second, the firearm had been shipped or transported from one state to another or between a foreign nation and the United States; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

COURT'S INSTRUCTION NO. <u>39</u>

You are instructed that the conviction set forth in Government's Exhibit 48 was a crime punishable by imprisonment for a term exceeding one year.

COURT'S INSTRUCTION NO. __40__

A defendant may be found guilty of Attempted Bank Fraud, Unlawful Possession of Fifteen or More Access Devices, or Aggravated Identity Theft even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, Attempted Bank Fraud, Unlawful Possession of Fifteen or More Access Devices, or Aggravated Identity Theft was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of Attempted Bank Fraud, Unlawful Possession of Fifteen or More Access Devices, or Aggravated Identity Theft; and

Third, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Attempted Bank Fraud, Unlawful Possession of Fifteen or More Access Devices, or Aggravated Identity Theft.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

COURT'S INSTRUCTION NO. __41__

Mere presence at the scene of the crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime alleged. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

COURT'S INSTRUCTION NO. 42

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

COURT'S INSTRUCTION NO.   43

The knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.   In determining the issue of what the defendant knew at a particular time, you may consider any statements made, or acts done, by the defendant, and all other facts and circumstances received in evidence which may aid in your determination of the defendant's knowledge.   It is entirely up to you to decide what facts to find from the evidence received during this trial.

Circumstantial evidence may be used to prove the defendant's knowledge.

COURT'S INSTRUCTION NO. __44__

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

COURT'S INSTRUCTION NO. __45__

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

COURT'S INSTRUCTION NO. __46__

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

Page One of Two Pages

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the Court immediately.

Page Two of Two Pages

60

COURT'S INSTRUCTION NO. __47__

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

COURT'S INSTRUCTION NO. __48__

The punishment provided by law for this crime is for the Court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

COURT'S INSTRUCTION NO.   49

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

63

COURT'S INSTRUCTION NO. ___50___

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me —how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.